UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                                              :      **MEMORANDUM & ORDER**
        v.                                    :      19-CR-379 (WFK)
                                              :
DAVID GOMEZ,                                  :
                                              :
                Defendant.                    :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 23, 2023, David Gomez ("Defendant") pled guilty without a plea agreement to all four counts of the Superseding Indictment, charging him with (1) conspiracy to distribute and possess with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi); (2) distribution and possession with intent to distribute cocaine, heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi); (3) money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and (4) money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i). *See generally* Superseding Indictment, ECF No. 23. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 180 months' custody, to be followed by five (5) years of supervised release with both the standard and special conditions of supervision; and payment of a mandatory special assessment of $400.00.

## I.    Background

From January 2015 to July 2019, Defendant acted as a high-level participant in a drug trafficking and money laundering organization. Defendant lived in California but distributed narcotics across the United States, selling hundreds of kilograms of cocaine, heroin, and fentanyl to a confidential source in New York for resale. Sealed PSR ¶¶ 9–10, ECF No. 95. As part of this drug trafficking scheme, Defendant laundered approximately $959,000.00 of drug proceeds. *Id.* ¶ 22.

1

Defendant and a friend paid a woman approximately $15,000.00 to establish a shell company named Gallery DIA, which fronted as an arts studio. *Id.* ¶¶ 17, 21. Defendant used the back room of Gallery DIA to ship drugs nationwide—via plane, truck, and mail—and launder the cash proceeds. *Id.* ¶ 9.

Between July 2, 2019, and July 26, 2019, Defendant was involved in the distribution of controlled substances in Queens, New York. *Id.* ¶ 10. Defendant acquired two kilograms of drugs from a supplier working for the Sinaloa Cartel in Mexico. *Id.* ¶ 16–17. Defendant sold these drugs to a cooperating witness and was arrested. *Id.* Had the sale been successful, Defendant would have travelled to Mexico and met with the cartel member to discuss a future transaction involving thirty kilograms of cocaine. *Id.* ¶ 17.

*Procedural History*

On July 26, 2019, Defendant was arrested in Queens, New York. Gov't Sent'g Mem. at 2, ECF No. 113. On January 12, 2020, a grand jury returned a four-count Superseding Indictment against Defendant. *See generally* Superseding Indictment, ECF No. 23. On June 23, 2023, Defendant pled guilty without a plea agreement to all counts of the Superseding Indictment, charging him with: (1) conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi); (2) distribution and possession with intent to distribute cocaine, heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(B)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(B)(1)(A)(vi); (3) money laundering conspiracy in violation of 18 U.S.C. § 1956(h); (4) money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i). Criminal forfeiture allegations were brought for each count.

## II.    Legal Standard

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III.    Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1. *Family and Personal Background*

Defendant was born on November 8, 1980, in Los Angeles, California. Sealed PSR ¶ 112. His parents now reside together in Crowley, Texas. *Id.* Defendant's father is a retired bow maker; his health is in general decline. *Id.* Defendant's mother was a homemaker; she remains in good health. *Id.* She describes Defendant as a "good son." Sealed Addendum to the PSR at 1, ECF No. 114. Defendant has five siblings, one of whom passed away in 2015. Sealed PSR ¶ 113.

Defendant grew up in a neighborhood with significant gang activity. *Id.* ¶ 114. He witnessed shootings in his community, including the drive-by shooting of his friend when he was eleven years old. *Id.* Defendant was abused by his father, who used fists, belts, and "anything he could find" to beat Defendant and his brothers. *Id.* ¶ 115.

Defendant started wrestling to escape his father's abuse and protect himself from gang activity. *Id.* When Defendant was seventeen, he "badly injured" his father during an argument. *Id.* ¶ 116. Defendant's father kicked him out of the house, and Defendant was homeless from ages seventeen through twenty. *Id.* Defendant did not see his family again until he was thirty years old. *Id.* ¶ 117. Defendant was working as a professional fighter when his late sister saw his face on a billboard and reconnected with him. *Id.* Her death was difficult for Defendant, but this reunited him with his family, with whom he now has a good relationship. *Id.*

4

Defendant is single and has never been married. *Id.* ¶ 118. He has a twelve-year-old daughter. *Id.* Defendant's daughter currently lives with Defendant's parents; she is enrolled in school and receiving good grades. *Id.* Defendant reports his daughter was deeply affected by his arrest and misses him. *Id.*

### 2. *Educational and Employment History*

Defendant attended A.B. Miller High School through 12th Grade. *Id.* ¶ 127. After being kicked out of the house, he withdrew from school to work. *Id.* From 2008–2017, Defendant was a professional mixed martial arts fighter affiliated with Shark Tank MMA Gym. *Id.* ¶ 130. Defendant participated in professional fights around the world. *Id.* He reports $75,000.00 in total career earnings. *Id.*

From 2008–2010, Defendant worked as a bank loan officer at Expressway Funding, Inc., in Ontario, California. *Id.* ¶ 132. To supplement his income in 2011–2012, Defendant worked at Garage Innovations, Inc., a garage customization and servicing company in Tustin, California. *Id.* ¶ 131; Sealed Addendum to the PSR at 2.

Defendant has been in custody at the Metropolitan Detention Center (MDC) since July 2019. *Id.* ¶ 129. While there, Defendant has completed ninety-two hours of educational programming. *Id.* ¶ 120. He also worked as a unit orderly from February 2020–May 2022. *Id.*

### 3. _Prior Convictions_

Defendant has extensive prior convictions dating back to 2000. These include: Driving Under the Influence; Driving With a Suspended or Revoked License (multiple convictions); Driving With a Suspended License: Under the Influence; Unlawful Sexual Intercourse with a Minor; Possess/Sell a Switch Blade Knife; Vandalism (multiple convictions); Speeding 26 Miles Per Hour Over the Posted Speed Limit; Battery; Assault with a Deadly Weapon, Not a Firearm or Force: Great Bodily Injury Likely; Wet Reckless; and Reckless Driving. Sealed PSR ¶¶ 64–79.

### 4. _Physical and Mental Health_

Defendant reports having anxiety and depression due to his absence from his daughter's life, custody at the Metropolitan Detention Center ("MDC"), the lack of treatment he has received, and trauma from his childhood. _Id._ ¶ 124.

### 5. _Substance Abuse_

Defendant began using marijuana, alcohol, and cocaine at age twelve. _Id._ ¶ 125. He used cocaine frequently throughout his professional fighting career and reports needing substance use treatment. _Id._ ¶ 126. Defendant's prior convictions also suggest he has a "drug and alcohol problem." _See, e.g., id._ ¶¶ 64, 75; Def. Sent'g Mem. at 3, ECF No. 112.

### 6. _Nature and Circumstances of the Offense_

The Court's previous statements address the nature and circumstances surrounding the instant offense. _See supra_ Part I.

## B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct, which involved

trafficking hundreds of kilograms of cocaine, heroin, and fentanyl throughout the United States.

Fentanyl is a lethal contributor to the nation's ongoing opioid crisis.  Defendant established a

shell company for transporting these drugs to New York and laundering the proceeds.  The

Court's sentence will deter others from engaging in similar conduct, protect the public, and justly

punish Defendant for his crimes.  Accordingly, the Court's sentence is "sufficient, but not greater

than necessary" to comply with the purposes set forth in this factor.  18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available"

for Defendant.  18 U.S.C. § 3553(a)(3).  Defendant pled guilty to all four counts in the

Superseding Indictment.

For Counts One and Two, Defendant faces a minimum term of ten years' imprisonment

and a maximum term of life.  21 U.S.C. § 841(b)(1)(A)(i).  Defendant also faces a minimum

term of five years' supervised release.  21 U.S.C. § 841(b)(1)(A)(i).  Defendant is ineligible for a

term of probation because it is precluded by statute.  21 U.S.C. § 841(b)(1)(A)(i).

For Counts Three and Four, Defendant faces a maximum term of twenty years'

imprisonment.  18 U.S.C. § 1956(a)(1)(A)(i).  Defendant also faces a maximum term of three

years' supervised release.  18 U.S.C. § 3583(b)(2).  If a condition of release is violated,

Defendant may be sentenced to up to two years without credit for pre-release imprisonment or

time previously served on post-release supervision.  18 U.S.C. §§ 3583(b), (e).  Defendant is

ineligible for a term of probation because he will be sentenced at the same time to a term of

imprisonment for the same or different offense.  18 U.S.C. § 3561(a)(3).

 In addition to facing terms of imprisonment and supervised release, Defendant faces

other penalties.  Defendant faces a maximum fine of $10,000,000.00 on Counts One and Two,

and a fine of $500,000.00 on Counts Three and Four.  21 U.S.C. § 841(b)(1)(A)(i); 18 U.S.C.

§ 1956(a)(1)(A)(i).  However, Defendant appears unable to pay.  Sealed PSR ¶ 137.  The Court

is also required to impose a mandatory special assessment of $100.00 per count pursuant to 18

U.S.C. § 3013(a)(2)(A); in this case, a total of $400.00.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

 The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the

sentencing range established for . . . [t]he applicable category of offense committed by the

applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

 <u>Counts One and Two</u>

 The applicable Guideline for Counts One and Two of the Superseding Indictment is

U.S.S.G. §2D1.1, which calculates the base offense level based on the Drug Quantity Table in

§2D1.1(c).  Because Defendant is accountable for 92,567.50 kilograms of converted drug

weight, the base offense level is 38, per U.S.S.G. §2D1.1(a)(5) and (c)(1).  Two levels are added

because Defendant maintained a premises to distribute controlled substances, pursuant to

U.S.S.G. §2D1.1(b)(12).  Defendant maintained and controlled the backroom at Gallery DIA, a

shell company Defendant used to move narcotics and receive narcotics proceeds.  Three more

levels are added under U.S.S.G. § 3B1.1(b) because Defendant acted as a manager or supervisor

of a criminal activity with five or more participants or that was otherwise extensive.  U.S.S.G. §3B1.1(b).

### Counts Three and Four

The applicable Guideline for Counts Three and Four of the Superseding Indictment is U.S.S.G. §2S1.1.  The base offense level is determined by the offense level for the underlying offense because (A) Defendant committed the underlying offense, and (B) the offense level for that offense can be determined.  U.S.S.G. §2S1.1(a)(1).  Because the base offense level for Counts One and Two is 43, Defendant's base offense level for Counts Three and Four is also 43.  Two levels are added pursuant to U.S.S.G. §2S1.1(b)(2)(B) because Defendant was convicted under 18 U.S.C. § 1956, resulting in a base offense level of 45.

### Grouped Counts

Counts One and Two ("Group A") are grouped together because they involve the same victim and two or more transactions connected by a common criminal objective, or constituting part of a common scheme.  U.S.S.G. §3D1.2(b).  Counts Three and Four ("Group B") are grouped together under the same provision.  Groups A and B are combined under U.S.S.G. §3D1.2(c) because Counts One and Two "embod[y] conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to" Counts Three and Four.  The most serious offense level of the grouped counts is the one used.  U.S.S.G. §3D1.3(a).  In this case, the most serious offense level is 45.  All parties agree certain reductions to the total offense level apply, including a two-level reduction under U.S.S.G. §3E1.1 (Acceptance of Responsibility) and a one-level reduction under U.S.S.G. §3E1.1(b) (timely notice to the Government of Defendant's intention to enter a guilty plea).  Sealed PSR ¶ 24.

Probation recommends a sentence of 240 months' custody on each count, to run concurrent to each other; five years' supervised release with special conditions, to run concurrent to each other; and the mandatory $400.00 special assessment. Sealed Revised U.S. Prob. Dep't Sentence Rec. at 1, ECF No. 95-1.

The Government and defense counsel recommend a sentence of 180 months' imprisonment. Gov't Sent'g Mem. at 1; Def. Sent'g Mem. at 1. The Government acknowledges Defendant's criminal history largely comprises "offenses resulting from alcohol abuse, including numerous motor vehicle, assault, and vandalism convictions," which is "somewhat unusual for someone who is a Category VI offender." Gov't Sent'g Mem. at 6.

This Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The parties have not raised arguments regarding unwarranted sentencing disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case.

### IV.    Conclusion

For the reasons set forth above, the Court sentences Defendant to 180 months of custody; five (5) years of supervised release with both the standard and special conditions of supervision; and the mandatory $400.00 special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay. The Court does not excuse Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addendum thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/ WFK**
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2025
        Brooklyn, New York

11